IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Sarasota Wine Market, LLC, *et al.* | ) |
| | ) |
| *Plaintiffs* | ) Case no. 4:17-cv-02792-HEA |
| | ) |
| vs | ) |
| | ) |
| Eric R. Greitens, *et al.* | ) |
| | ) |
| *Defendants* | ) |

**PLAINTIFFS' UNOPPOSED MOTION FOR ORAL ARGUMENT
ON DEFENDANTS' MOTION TO DISMISS**

Come now the plaintiffs, by counsel, and move pursuant to Local Rule 78-4.02 that the Court exercise its discretion to hear oral argument on the defendants' motion to dismiss the complaint. In support of this motion, plaintiffs state:

1. The motion to dismiss is based primarily on substantive constitutional arguments concerning the validity of a state law, not on defects in the complaint.

2. Three constitutional provisions are involved. The complaint alleges that portions of Missouri's Liquor Control Law improperly discriminate against nonresidents in violation of the Commerce Clause, U.S. Const., Art. I, § 8, and the Privileges and Immunities Clause, Art. IV, §2. The State responds that discrimination is permitted by the Twenty-first Amendment.

3. There are two similar constitutional Privileges clauses -- the Privileges and Immunities Clause in Article IV addressing privileges of state citizenship, and the Privileges or Immunities Clause in the Fourteenth Amendment, addressing privileges of national citizenship. Oral argument would be helpful in distinguishing the two.

1

4. The State made its argument concerning the Article IV Clause for the first time in its Reply brief to which plaintiffs will have no opportunity to respond unless oral argument is granted.

5. No direct federal precedent exists anywhere in the country on the question of whether the state's right to regulate alcohol under the Twenty-first Amendment affects the state's obligation to grant nonresidents equal privileges under the Privileges and Immunities Clause, nor has any previous court determined how these two provisions should be balanced. This is a case of first impression in which all arguments will be based on analogies, which will be helped by oral argument.

6. Similarly, no federal appellate court has previously ruled on the constitutionality of a state law that discriminates in favor of in-state wine retailers and against out-of-state retailers. The parties are again arguing by analogy and from dictum, which will be helped by oral argument.

7. The attorney for the state defendants does not oppose the motion but requests that argument not be set for February 12 or February 19-23 when she has conflicts.

8. Attorneys for the plaintiffs request that argument not be set for February 14-16, February 26-27, March 2, March 7-8, March 19-30, or April 6, because of conflicts.

WHEREFORE, the plaintiffs request that this court exercise its discretion to set this case for oral argument on the state defendants' motion to dismiss.

Respectfully submitted,

 s/ James A. Tanford
James A. Tanford
Epstein Cohen Seif & Porter, LLP

2

50 S. Meridian St., Ste 505  
Indianapolis IN 46204  
Tel. 812-332-4966  
Fax. 317-638-9891  
tanford@indiana.edu

CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2018, the foregoing document was filed electronically with the Clerk of the Court and will be served on the attorney for all defendants through the Court's electronic filing system to:

>Katherine S. Walsh  
>Assistant Attorney General  
>P.O. Box 861  
>St. Louis, MO 63188  
>Katherine.Walsh@ago.mo.gov

.

>  s/ James A. Tanford  
>James A. Tanford  
>Epstein Cohen Seif & Porter, LLC  
>*Attorney for Plaintiffs*

3