# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SARASOTA WINE MARKET, LLC, )<br>d/b/a MAGNUM WINE AND )<br>TASTING, et al., )<br>)<br>            Plaintiffs, )<br>)<br>v. )<br>)<br>ERIC GREITENS, et al., )<br>)<br>            Defendants. ) | Case No. 4:17-cv-2792 HEA |

### DEFENDANTS' PROPOSED OPINION MEMORANDUM AND ORDER PURSUANT TO THIS COURT'S ORDER DATED APRIL 9, 2018

Pursuant to this Court's Order [Doc. #28], Defendants submit their Proposed Opinion Memorandum and Order.

### OPINION MEMORANDUM AND ORDER

This matter, brought under 42 U.S.C. § 1983 challenging the constitutionality of Missouri's Liquor Control Law, Chap. 311, RSMo ("Liquor Control Law"), is before the Court on the motion of Defendants Eric Greitens, Joshua Hawley, and Keith Hendrickson to dismiss Plaintiffs' Sarasota Wine Market LLC d/b/a Magnum Wine and Tasting, Heath Cordes, and Michael Schlueter's complaint for lack of standing and failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiffs are set forth as follows in their Complaint [Doc. #1]. Michael Schlueter ("Schlueter") is a resident of St. Louis, Missouri and a wine consumer who seeks to be able to purchase wine from out-of-state retailers and have those wines shipped to his Missouri residence. Sarasota Wine Market, LLC d/b/a Magnum Wine and Tastings ("Sarasota Wine") is a Florida limited liability company that operates as a wine retailer in Sarasota, Florida. Sarasota Wine wants to be able to take orders from and ship wine to Missouri residents but it does not have a license to do so. It maintains an internet site through which orders may be placed. Heath Cordes is the owner/operator of Sarasota Wine.

Defendants Missouri Governor Eric Greitens ("Greitens"), Missouri Attorney General Joshua Hawley ("Hawley"), and Acting Supervisor of the Missouri Department of Public Safety, Division of Alcohol & Tobacco Control Keith Hendrickson ("Hendrickson") are all sued in their official capacities. Defendants have filed a motion to dismiss stating that the Plaintiffs lack standing to bring a constitutional challenge to Missouri's Liquor Control Law and because the validity of Missouri's multi-tiered approach to regulating liquor distribution and sale has been upheld by the Eighth Circuit Court of

Appeals. *Southern Wine and Spirits of Am., Inc. v. Division of Alc. & Tobacco Control*, 731 F.3d 799 (8th Cir. 2013).

Missouri has a multi-tier system that is implemented through the Liquor Control Law. The first tier "consists of producers, such as brewers, distillers, and winemakers." *Id*. at 802. The second tier "is comprised of solicitors, who acquire alcohol from producers and sell it 'to, by or through' wholesalers." *Id*. The third tier "is made up of wholesalers, who purchase alcohol from producers and solicitors and sell it to retailers." *Id*. The fourth tier "consists of retailers who sell alcohol to consumers." *Id*. Plaintiffs' claims involve this fourth tier of retail sales.

The Liquor Control Law prohibits "any person, firm, partnership, or corporation" from selling alcoholic beverages in Missouri "without taking a license." § 311.050, RSMo. To obtain a license, an applicant must demonstrate "good moral character" and establish that he/she is "a qualified legal voter and taxpaying citizen of the county, town, city, or village" to be served. § 311.060.1, RSMo. These requirements apply equally to the managing officer of any corporation seeking a license but not to every officer or shareholder of the corporation. Finally, while there is a residency requirement for the managing officer of the corporation in order to obtain a license, there is no requirement that the residency be for any specified period of time. § 311.060.1, RSMo.

3

## DISCUSSION

A motion to dismiss for lack of standing is governed by Fed.R.Civ.P. 12(b)(1), which permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. *See, e.g. Fabisch v. University of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) (plaintiff's lack of standing deprives court of subject-matter jurisdiction). "Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts." *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008), *citing Osborn v. United States*, 918 F.2d 724, 728-30 (8th Cir. 1990). In a facial attack on jurisdiction, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion under Rule 12(b)(6)." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

Fed.R.Civ.P. 12(b)(6) permits a party to move to dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility

4

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. This standard requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*. Where the allegations show on the face of the complaint there is some insurmountable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997).

## I. Standing

A motion to dismiss for lack of standing is governed by Fed.R.Civ.P. 12(b)(1), which permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. *See, e.g., Fabisch v. University of Minn.*, 304 F.3d 797 801 (8th Cir. 2002)(plaintiff's lack of standing deprives court of subject-matter jurisdiction). Defendants argue that the Plaintiffs do not have standing to bring this action. "Federal jurisdiction is limited by Article III, § 2 of the United States Constitution to actual cases and controversies." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000), *quoting Warth v. Seldin*, 422 U.S. 490, 498 (1975). To demonstrate that they have Article III standing, plaintiffs have the burden of showing: (1) that they suffered an "injury-in-fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury will likely be redressed by a favorable decision. *Steger*, 228 F.3d at 892.

## A.     Plaintiff Schlueter

In the Complaint, Plaintiff Schlueter alleges that "he is a regular purchaser and consumer of fine wine and would purchase wine from out-of-state retailers and have those wines shipped to his residence in Missouri, if Missouri law permitted him to do so." [Doc. #1, ¶ 3] He "wants the opportunity to buy wine directly from [Plaintiff Sarasota Wine] and other wine retailers outside of Missouri and to have these wines delivered to his residence." [Doc. #1, ¶ 18] He is unable to purchase the wines he would like to buy from Plaintiff Sarasota Wine and other retailers not licensed in Missouri because the Liquor Control Law prohibits "direct sales and shipments of wine from out-of-state retailers to in-state consumers and will not issue any kind of license that would allow such transactions." [Doc. #1, ¶ 21]

The Court finds that Plaintiff Schlueter has not pled an injury-in-fact. Plaintiff Schlueter has pled that he wants to buy from out-of-state retailers but cannot because they are not licensed. He has not, however, pled that he attempted to find these wines through licensed Missouri retailers, including out-of-state retailers licensed in Missouri, and that those retailers refused or were unable to locate these wines for him.

A "party cannot show an injury-in-fact by 'mere allegations of possible future injury.'" *Missouri Roundtable for Life v. Carnahan*, 676 F.3d 665, 672 (8th Cir. 2012), *quoting Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

"While a party need not expose himself to actual arrest or prosecution to be entitled to challenge a state he claims deters his exercise of constitutional rights, he must show that his injury is more than imaginary or speculative." *Id*. (citations and punctuation removed). *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Zanders v. Swanson*, 573 F.3d 591, 593-94 (8th Cir. 2009).

As Plaintiff Schlueter's damages are entirely speculative he lacks standing to challenge Missouri's Liquor Control Law in this case. *Missouri Roundtable*, 676 F.3d at 672. *See also Coulombe v. Jolly*, 447 F.Supp.2d 1117, 1122 (C.D. Cal. 2006)(finding plaintiffs lacked standing to assert pre-enforcement challenge to California's liquor distribution laws).

B. **Plaintiffs Sarasota Wine and Cordes**

Cordes is a professional wine consultant, advisor, and merchant who resides in and is a citizen of Florida. He is the owner and operator of Sarasota Wine, a Florida limited liability company that operates a wine retail store in Sarasota, Florida. The allegations are that many customers visit Sarasota Wine while on vacation. Cordes, through Sarasota Wine, receives requests to sell and ship wine to Missouri for various reasons. They are unable to sell and ship to Missouri because of the Liquor Control Law but intend to sell and ship wines directly to Missouri consumers if the law is changed. [Doc. #1, ¶¶ 4-6]

7

Neither Cordes nor Sarasota Wine has alleged that they attempted to obtain a Missouri license. They argue that they should not be required to perform a futile act. The Liquor Control Law does, however, allow a corporation (or limited liability company) to obtain a license if there is a managing officer in the state. There is no allegation that these Plaintiffs attempted to hire a managing officer and to obtain a license.

Again, damages are entirely speculative because the Plaintiffs have not shown an injury-in-fact, only that there is an injury when they are not complying with Missouri's laws. Both Plaintiffs, Cordes and Sarasota Wine, lack standing to assert their claims.

## II. Failure to State a Claim

Plaintiffs have failed to state a claim because the decision in *Southern Wine* is controlling over these facts.

       Respectfully submitted,

       **JOSHUA D. HAWLEY**
       Attorney General

       /s/ *Katherine S. Walsh*
       Katherine S. Walsh, MO37255
       Assistant Attorney General
       P.O. Box 861
       St. Louis, MO 63188
       Tel:   (314) 340-7861
       Fax:  (314) 340-7029
       katherine.walsh@ago.mo.gov

       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of April, 2018, a copy of the foregoing was filed via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

       /s/ *Katherine S. Walsh*