UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARASOTA WINE MARKET, LLC d/b/a MAGNUM WINE AND TASTINGS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL L. PARSON[1], et al.<br><br>Defendants. | NO. 4:17CV2792 HEA |

## **AMENDED OPINION, MEMORANDUM AND ORDER**

The Court issues this Amended Opinion, Memorandum and Order to address Plaintiffs' motion for relief from the original Opinion, Memorandum, and Order on the grounds that the Court should not have addressed Defendants' 12(b)(6) arguments due to Plaintiffs' lack of standing, a threshold issue. This Amended Opinion, Memorandum and Order supersedes this Court's Opinion, Memorandum and Order dated June 15, 2018, which is hereby vacated and held for naught.

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A

---

[1] Effective June 1, 2018, Michael L. Parson is the Governor of Missouri. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Michael L. Parson should be substituted for Governor Eric R. Greitens as the defendant in this suit.

hearing was held on April 9, 2018 and the Motion has been briefed and argued. For the reasons set forth below, Defendants' Motion is GRANTED.

**Facts and Background**

Plaintiffs brought this case pursuant to 42 U.S.C. § 1983, challenging the constitutionality of Missouri's Liquor Control Law, Chapter 311 RSMo ("Liquor Control Law").

Like many states, Missouri "funnels liquor sales through a tier system, separating the distribution market into discrete levels." *Southern Wine and Spirits of Am., Inc. v. Division of Alc. & Tobacco Control*, 731 F.3d 799, 802 (8th Cir. 2013). The first tier "consists of producers, such as brewers, distillers, and winemakers." *Id.* The second tier "is comprised of solicitors, who acquire alcohol from producers and sell it 'to, by or through' wholesalers." *Id.* The third tier "is made up of wholesalers, who purchase alcohol from producers and solicitors and sell it to retailers." *Id.* The fourth tier – and the tier at issue in this case – "consists of retailers, who sell alcohol to consumers." *Id.* This multi-tiered system for controlling the distribution and sale of alcohol to Missouri residents is permitted by the Twenty-First Amendment to the United States Constitution, which grants states "virtually complete control over whether to permit importation or sale of liquor and how to structure the liquor distribution system." *Id.* (quoting *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S.97, 110 (1980)).

Missouri implements its multi-tier system through its Liquor Control Law. The Liquor Control Law prohibits "any person, firm, partnership, or corporation" from selling alcoholic beverages in Missouri "without taking a license." §311.050 RSMo. To obtain a license, an applicant must demonstrate "good moral character" and establish that he/she is "a qualified legal voter and taxpaying citizen of the county, town, city or village" to be served. § 311.060.1 RSMo. These requirements apply to the managing officer of any corporation seeking a license. *Id*.

Plaintiff's Complaint alleges the following:[2]

Plaintiff Michael Schlueter is a Missouri resident who would like to purchase wine from out-of-state retailers and have it shipped to his Missouri home. Plaintiff Sarasota Wine Market, LLC d/b/a Magnum Wine and Tastings ("Magnum Wine") is a Florida Limited Liability Company that operates a retail wine store in Sarasota, Florida. Magnum Wine would like to sell, ship, and deliver wines directly to Missouri consumers. Sarasota Wine maintains an internet site through which wine orders may be placed. Plaintiff Heath Cordes is a Florida resident who works as a professional wine consultant, advisor, and merchant, and owns and operates Magnum Wine. Cordes would like to practice his profession as a wine merchant in Missouri by consulting with, obtaining wines for, and delivering wines to Missouri residents. Defendants Missouri Governor Michael Parson, Missouri

---

[2] The recitation of facts is taken from Plaintiff's Complaint and is set forth for the purposes of the pending motion to dismiss.

Attorney General Joshua Hawley, and Acting Supervisor of the Missouri Department of Public Safety, Division of Alcohol & Tobacco Control Keith Hendrickson are all sued in their official capacities.

Plaintiffs' Complaint alleges that the portions of Missouri's Liquor Control Law that allow in-state retailers to ship wine to Missouri consumers while prohibiting out-of-state retailers from doing the same is unconstitutional for two reasons. First, Plaintiffs contend that the disparate treatment between in-state and out-of-state retailers violates the Commerce Clause and Supreme Court ruling in *Granholm v. Heald*, 544 U.S. 460 (2005) because it discriminates against out-of-state wine retailers engaged in interstate commerce. Second, Plaintiffs claim that the disparate treatment between residents and nonresidents violates the Privileges and Immunities Clause because Missouri denies non-resident wine merchants the privilege of engaging in their occupation in Missouri on terms equivalent to those given to citizens of Missouri. Plaintiffs seek declaratory and injunctive relief in this matter.

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and Rule (12)(b)(6) for failure to state a claim upon which relief may be granted. For their 12(b)(6) motion, Defendants contend that the constitutional validity of Missouri's multi-tiered approach to

regulating liquor distribution and sale has been upheld by the Eighth Circuit Court of Appeals in *Southern Wine*, 731 F.3d 799.

**Standard**

"[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Fabisch v. University of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). Therefore, motions to dismiss for lack of standing fall under the purview of Rule 12(b)(1), which permits a party to move to dismiss a complaint for lack of subject matter jurisdiction. *Id*. "Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts." *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The parties do not rely on matters outside the pleadings, therefore the Court reviews Defendant's motion as a "facial attack" on jurisdiction. In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion under Rule 12(b)(6)." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

Under Fed.R.Civ.P. 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2006). Under Rule 12(b)(6), the Court must accept plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005). Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## Discussion

"Article III standing is a threshold question in every federal court case." *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003). The "irreducible constitutional minimum" of standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. The Supreme Court has explained that the injury in fact

requirement means showing "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations and quotation omitted).

Here, Plaintiffs do not demonstrate an injury in fact because they fail to plead any concrete injury. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist. When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'" *Spokeo*, 136 S. Ct. at 1548. Even accepting all alleged facts as true and construing the Complaint in favor of Plaintiffs, the contentions therein are too abstract to constitute a concrete injury. Magnum Wine makes no allegations of an economic loss, actual or imminent. Magnum Wine's pleadings about its inability to obtain a Missouri retailer license are meaningless absent an associated loss. Cordes, too, falls short of pleading a loss, making only vague assertions about having customers who live in both Missouri and Florida, and customers who have expressed an interest in having wine shipped as gifts. Cordes does not allege that he has lost customers, or that Magnum Wine has lost sales as a result of their inability to ship wine directly to Missouri residents. Finally, Schlueter's statements simply provide the Court with a history of his struggles to find rare wines in Missouri, but do not suffice to plead a concrete injury-in-fact. Schlueter does not plead that he has tried to order wine from out-of-state retailers and been denied, nor does he allege any plan for

imminent purchase of wine not available in Missouri. His sole complaint of economic hardship, that he "cannot afford the time and expense of traveling to out-of-state retailer to purchase a few bottle of rare wine and personally transport them home," even taken as true, is too abstract and hypothetical to meet the requirements of an injury-in-fact.

Plaintiffs' Complaint fails to establish requisite standing to bring the instant case. The Court therefore lacks subject matter jurisdiction to hear this case and needs not address Defendants' 12(b)(6) motion.

## Conclusion

For the reasons stated above, Plaintiffs' Complaint is subject to dismissal under Rule 12 (b)(1) as Plaintiffs have failed to plead any injuries-in-fact, and therefore lack Article III standing. The Complaint must be dismissed for lack of subject matter jurisdiction. Plaintiff will be given leave to amend in accordance with this Opinion, Memorandum and Order.

Accordingly,

**IT IS HERBY ORDERED** that the Defendant's Motion to Dismiss [Doc. No. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is dismissed .

**IT IS FURTHER ORDERED** that Plaintiffs are given leave to file an Amended Complaint within 10 days of the date of this order. Failure to file same will result in dismissal with prejudice.

Dated this 25th day of June, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE