# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SARASOTA WINE MARKET, LLC ) <br> d/b/a MAGNUM WINE AND TASTINGS, ) <br> HEATH CORDES, ) <br> MICHAEL SCHLUETER, ) <br> and TERRENCE FRENCH ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL L PARSON Governor of Missouri, ) <br> JOSHUA HAWLEY Attorney General of Missouri, ) <br> and KEITH HENDRICKSON, Acting Supervisor ) <br> of the Missouri Division of Alcohol and Tobacco ) <br> Control, ) <br> ) <br> Defendants. ) | Case No. 4:17-cv-2792 HEA |

## AMENDED COMPLAINT

Plaintiffs make the following allegations based upon information and belief, except for the allegations pertaining to Plaintiffs, which are based upon personal knowledge.

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of a Missouri law that allows in-state retailers to ship wine directly to consumers but prohibits out-of-state retailers from doing so. A Missouri retailer may obtain a liquor dealer permit under Rev. Stat. Mo. §311.200.1 that allows it to sell wine from its premises, to deliver wine to consumers away from the premises, Rev. Stat. Mo. §311.300.2, and to use a common carrier to make those deliveries. Rev. Stat. Mo. §311.185.4. An out-of-state retailer may not obtain this permit because it is reserved for

Missouri citizens only, Rev. Stat. Mo. §311.060.1, and may not sell or deliver wine into Missouri without a permit. Rev. Stat. Mo. §311.050. The plaintiffs seek a declaratory judgment that this regulatory scheme is unconstitutional for two reasons: (1) it violates the Commerce Clause and G*ranholm v. Heald*, 544 U.S. 460 (2005), because it discriminates against out-of-state wine retailers engaged in interstate commerce, and (2) it violates the Privileges and Immunities Clause because it denies nonresident wine merchants the privilege of engaging in their occupation in Missouri on terms equivalent to those given to citizens of Missouri. The plaintiffs seek an injunction barring the defendants from enforcing these laws and requiring them to allow out-of-state retailers to sell and ship wine to Missouri consumers upon the same terms as in-state retailers.

## JURISDICTION

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

2. The Court has authority to grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PLAINTIFFS

3. Consumer Plaintiff Michael Schlueter is a resident of St. Louis, Missouri. He is over the age of twenty-one, does not live in a dry county, and is legally permitted to purchase, receive, possess and drink wine at his residence. He is a regular purchaser and consumer of fine wine and would purchase wine from out-of-state retailers and have those wines shipped to his residence in Missouri, if Missouri law permitted him to do so.

4.     Consumer Plaintiff Terrence French is a retired teacher who resides in Columbus, Missouri. He has also worked in the retail sale of wine. Mr. French finds it difficult to locate the wines he desires in Columbus, Missouri. He prefers to order via the internet. He has been refused sales of wine by out-of-state retailers due to Missouri's ban on out-of-state sales, shipment, and delivery of wine from out-of-state sources. Mr. French particularly wants to purchase European and South American wines which are not readily available in Missouri.

5.     Plaintiff Sarasota Wine Market, LLC, d/b/a Magnum Wine and Tastings is a Florida limited liability company that operates a wine retail store in Sarasota, Florida. Magnum Wine and Tastings is located on the mainland in Sarasota, which is a major tourist location. Magnum Wine and Tastings has customers from all over the country, including many from Missouri, who visit while on vacation or have retired to Sarasota. It has developed long-term relationships with customers for whom it makes special purchases.  It has received requests that it sell and ship wine to Missouri from customers who have moved to Missouri or who wish to send gifts of wine to Missouri residents, but is unable to do so as a result of the Missouri ban. It intends to sell and ship wines directly to consumers in Missouri if the laws prohibiting such sales and shipments are removed or declared unconstitutional.

6.     Heath Cordes is a professional wine consultant, advisor, and merchant who resides in and is a citizen of Florida. He owns and operates Magnum Wine and Tastings in Sarasota.

7. Magnum Wine and Tastings maintains an Internet web site, has previously handled deliveries and shipping of wine that was purchased from its retail stores or ordered through national wine clubs, and intends to do so.

8. Plaintiffs intend to pay all taxes that may be due on such interstate shipments and to comply with all other non-discriminatory state regulations, including obtaining licenses.

## **DEFENDANTS**

9. Defendants are sued in their official capacities.

10. Defendant Michael L. Parson is the Governor of Missouri and is the chief executive officer.

11. Defendant Joshua Hawley is the Attorney General of Missouri and is generally empowered to enforce Missouri laws.

12. Defendant Keith Hendrickson is the Acting Supervisor of the Missouri Division of Alcohol and Tobacco Control, which is charged with enforcing Missouri liquor control laws, including the ones challenged in this lawsuit.

13. Defendants are acting under color of state law when they enforce or supervise the enforcement of the statutes and regulations challenged herein.

### **Count I: Commerce Clause Violation**

14. In the State of Missouri, a resident wine retailer can obtain a license from Defendants which allows it to sell, deliver, and ship by common carrier directly to Missouri consumers any wine that it has in its inventory.

15. A Missouri wine retailer may obtain wine for resale from distributors, auction houses and private collections.

16.     The Defendants will issue an off-premises retail license described in the previous paragraphs only to wine retailers located in the State of Missouri.

17.     Magnum Wine and Tastings is not located in Missouri, is not eligible for a Missouri off-premises license, and is prohibited by law from selling, delivering or shipping wine from its inventory directly to consumers in Missouri.

18.     No other Missouri license is available to Magnum Wine and Tastings that would allow it to sell, deliver, and ship wine from its inventory to consumers in Missouri. It would obtain such a license if one were available.

19.     Michael Schlueter is a wine consumer and he wants the opportunity to buy wine directly from Magnum Wine and Tastings and other wine retailers outside of Missouri and to have these wines delivered to his residence.

20.     Mr. Schlueter has contacted several out-of-state retailers either on the Internet or by phone in order to buy wines he cannot find in Missouri. These retailers include Magnum Wine and Tastings in Sarasota, The Wine Library in New Jersey, and Federal Wine & Spirits in Boston, Massachusetts. All of these retailers refused to sell and ship their wines to Mr. Schlueter as a result of Missouri's restrictive laws and regulations.

21.     Some wines that Mr. Schlueter wants to buy are not available in retail stores in Missouri but are available from retail stores in other states. This includes older vintages no longer generally available except at specialty retailers located outside Missouri, and current vintages that have sold out locally after receiving favorable reviews or because few bottles of limited production wine were allocated to Missouri.

22. Terrence French is a wine consumer and he wants the opportunity to buy wine directly from Magnum Wine and Tastings and other wine retailers outside of Missouri and to have these wines delivered to his residence.

23. Plaintiff French has attempted to purchase wine from out-of-state wine retailers which claims he cannot obtain either in his hometown or in Missouri and has been denied these purchases.

24. Most retailers who carry rare and unusual wine are located in California or New York, and Mr. Schlueter and Mr. French cannot afford the time and expense of traveling to out-of-state retailers to purchase a few bottles of rare wine and personally transport them home.

25. Plaintiffs cannot complete the transactions described in paragraphs 19-23 because the laws of Missouri prohibit direct sales and shipments of wine from out-of-state retailers to in-state consumers and will not issue any kind of license that would allow such transactions.

26. Mangum Wine and Tastings has been contacted by Mr. Schlueter who has attempted to buy wine and have it shipped to him in Missouri. Mangum has refused to complete this order due to Missouri's ban on out-of-state retail sales, shipments, and deliveries. Magnum Wine and Tastings has lost profit of its sale of wine to Mr. Schlueter and other Missouri customers.

27. If Magnum Wine and Tastings were permitted to sell, ship and deliver its wine directly to consumers in the State of Missouri, it would obtain a license if one were available and would comply with the same rules concerning labeling, shipping, reporting, obtaining proof of age, and paying taxes as in-state retailers do.

28.     By refusing to issue a license to out-of-state retailers that would allow them to sell, deliver and ship wine upon the same terms as in-state retailers, the State of Missouri is discriminating against interstate commerce and protecting the economic interest of local businesses by shielding them from competition, in violation of the Commerce Clause of the United States Constitution.

### Count II: Privileges and Immunities Clause Violation

29.     Plaintiffs repeat and re-allege paragraphs 1-23 as if set out fully herein.

30.     Heath Cordes is a professional wine consultant, advisor, and merchant who resides in and is a citizen of Florida. He owns and operates Magnum Wine and Tastings in Sarasota.

31.     Mr. Cordes develops personal relationships with many of his customers, makes special wine purchases for them, consults with them about wine in person, by telephone and by Internet, and sells and delivers wine to them. Many of his regular customers live part of the year in Florida and part of the year in other states, including Missouri.

32.     Mr. Cordes has also received requests from his customers to send wine to residents of Missouri as gifts but was unable to ship the specifically requested wines because the laws of Missouri prevent him from doing so

33.     Some wines wanted by Mr. Cordes' customers are difficult to obtain because they are old and only sold at auction, available only in limited allocated amounts or only for a limited time, or scarce because of their popularity.

34. Mr. Cordes wants to practice his profession as a wine merchant in Missouri by consulting with, obtaining wines for, and delivery wines to Missouri residents, but is prevented from doing so by Missouri law.

35. Mr. Cordes is the owner of Magnum Wine and Tastings and has suffered economic harm by not being able to complete sales to Missouri customers.

36. Mr. Cordes has not applied to Missouri officials for a retail license because it would be futile to do so since he is not a resident of Missouri and residency is required for a retail wine dealer permit.

37. If a license were available on terms equivalent to those for Missouri citizens, Mr. Cordes would obtain it. He does not ask for the right to engage in the unlicensed sale of wine in Missouri.

38. Being a professional wine merchant who sells and ships wine to Missouri residents is a lawful activity for citizens of Missouri who may obtain a license to do so.

39. No substantial reason exists for denying citizens of Florida the same privilege to consult about, advise on, obtain, sell, deliver and ship wine to Missouri consumers as is given to citizens of Missouri.

40. Missouri's ban on wine sales and deliveries by out-of-state merchants and its prohibition against issuing licenses to nonresidents, denies Mr. Cordes the privilege to engage in his occupation in the state upon the same terms as Missouri citizens, and therefore violates the Privileges and Immunities Clause in Article IV of the United States Constitution.

**Request For Relief**

WHEREFORE, Plaintiff seeks the following relief:

A. Judgment declaring Missouri's statutory scheme that prohibits out-of-state retailers from selling, delivering and shipping wine directly to a Missouri consumer, including Rev. Stat. Mo. §§-311.060, unconstitutional as a violation of the Commerce Clause of the United States Constitution.

B. Judgment declaring Missouri's statutory scheme that prohibits a nonresident from obtaining a license to sell, deliver and ship wine directly to Missouri consumers, including Rev. Stat. Mo. Stat. 311.060 unconstitutional as a violation of the Privileges and Immunities Clause of the United States Constitution.

C. An injunction prohibiting Defendants from enforcing those statutes and requiring them to allow out-of-state wine retailers to obtain licenses and to sell, ship, and deliver wine directly to customers in Missouri.

D. Plaintiffs do not request that the State be enjoined from collecting any tax due on the sale of wine.

E. An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

F. Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

Respectfully submitted,

Attorneys for Plaintiffs

/s/ Robert D. Epstein
Robert D. Epstein (Indiana Attorney No. 6726-49)
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel: 317-639-1326
Fax: 317-638-9891
Rdepstein@aol.com

/s/ James A. Tanford
James A. Tanford (Indiana Attorney No. 16982-53)
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN        46204
Tel:   812-332-4966
Fax:   317-638-9891
tanfordlegal@gmail.com

/s/ Kristina Swanson
Kristina Swanson (Indiana Attorney No. 34791-29)
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:   317-639-1326
Fax:   317-638-9891
kristina@kswansonlaw.com


/s/ Alan S. Mandel
Alan S. Mandel (Missouri Attorney No. 29137)
Mandel & Mandel LLP
1108 Olive Street, Fifth Floor
St. Louis, MO   63101
Tel:   877-893-1256
Fax:   314-621-4800
dsmm001@aol.com